UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED

June 26, 2026

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JAMES RENWICK MANSHIP, SR.,            )
              Plaintiff,            )
                                                 )
      v.                                   )            Civil Action No. 3:26CV551 (RCY)
                                                 )
COMMONWEALTH OF VIRGINIA, *et al.*,   )
              Defendants.            )
                                                 )

## MEMORANDUM OPINION

On June 15, 2026, Plaintiff James Renwick Manship, Sr. ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Emergency Motion for Injunctive Relief and Complaint.   IFP Appl., ECF No. 1; Em. Mot. & Compl., ECF No. 1-1.    Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status.    Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted.    The Court will accordingly direct the Clerk to docket Plaintiff's Emergency Motion for Injunctive Relief and Complaint.    However, the granting of Plaintiff's IFP Application notwithstanding, the Court finds that Plaintiff's claims suffer from defects that prevent the action from proceeding.

The Court has an independent obligation to screen for the existence of jurisdiction.   *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . .    [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*.   As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). With an eye towards its jurisdictional limitations, the Court has reviewed the operative Complaint.

## I. BACKGROUND

Plaintiff brings this action seeking "injunctive relief requiring the Courts of Spotsylvania County to suspend any Court hearing date until Defendants, individually and collectively, respond in full to Discovery requests of the Plaintiff or any diligent Court Appointed Counsel." Em. Mot. & Compl. 9, ECF No. 1-1. Plaintiff further seeks "injunctive relief commanding a further, detailed forensic investigation into the collusion or racketeering of the named Defendants," and that the Court "[o]rder a new diligent Defense Counsel to be assigned to the [state criminal] case." *Id.* Plaintiff generally objects to the manner in which his state court criminal matter has proceeded towards trial, alleging that various named "Public Servant" Defendants have failed to respond to Plaintiff's efforts at pretrial discovery and what Plaintiff views to be the deficient acts of his court appointed counsel. *See generally id.* ¶¶ 1–5. Plaintiff asks the Court to intervene to prevent his criminal trial from proceeding as scheduled on June 16, 2026, until such time as he has obtained the discovery he believes Defendants are conspiring to withhold. *Id.* ¶ 15–17.

Plaintiff bases his Emergency Motion and Complaint on 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1341, 18 U.S.C. § 1962, and 18 U.S.C. § 2. *Id.* at 1.

## II. NO CLAIM SUBJECT TO FEDERAL JURISDICTION

Notwithstanding Plaintiff's invocation of various federal civil rights statutes, the Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and so the Complaint must be dismissed.

Plaintiff seeks relief "pursuant to Title 42 U.S.C. § 1983 for violations of certain protections guaranteed to him by the First, Fourth, Seventh, and Fourteenth Amendments of th[e] Constitution . . . by the defendants under color of law in their various capacities in the criminal justice system of the [sic] Spotsylvania County."  Em. Mot. & Compl. ¶ 14.  The doctrine of *Younger* abstention prevents the Court from taking up Plaintiff's claims.

"In *Younger*, the Supreme Court detailed our 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'"  *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (quoting *Younger v. Harris*, 401 U.S. 37, 41 (1971)). "Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges."  *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "The Supreme Court has recognized that a federal court may disregard *Younger's* mandate only where (1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury.'"  *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Here, although Plaintiff certainly levels broad claims of bad faith, harassment, and concerted unconstitutional behavior by the Defendants, he makes no showing that state appellate remedies are unavailable for him to raise his constitutional challenges.  Because Plaintiff has an adequate remedy at law by way of state appellate remedies  in the event he finds himself prejudiced

at his upcoming state criminal trial, the Court finds that Plaintiff has not demonstrated immediate and *irreparable* injury, and therefore *Younger* abstention is appropriate.

Because the Court must abstain under the *Younger* doctrine from hearing Plaintiff's claims related to his imminent state court criminal trial, and because there are no other claims asserted,[1] the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and so will deny Plaintiff's Motion for Emergency Relief and dismiss the intertwined Complaint. Moreover, because more fulsome pleading could not cure this defect, amendment would be futile and thus the Court will not grant leave to amend. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application will be granted, the Emergency Motion will be denied, and this action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: June 15, 2026
Richmond, Virginia

---

[1] Plaintiff's invocations of federal criminal statutes do not state independent claims upon which Plaintiff can otherwise proceed.